| | |
|---|---|
| 1 | Steven P. Rice (State Bar No. 094321) |
| | srice@crowell.com |
| 2 | CROWELL & MORING LLP |
| | 3 Park Plaza, 20th Floor |
| 3 | Irvine, California 92614-8505 |
| | Telephone: (949) 263-8400 |
| 4 | Facsimile: (949) 263-8414 |
| 5 | |
| | Kathleen Balderrama (State Bar No. 222022) |
| 6 | kbalderrama@crowell.com |
| | CROWELL & MORING LLP |
| 7 | 515 South Flower Street, 40th Floor |
| | Los Angeles, California 90071-2258 |
| 8 | Telephone: (213) 622-4750 |
| | Facsimile: (213) 622-2690 |
| 9 | |
| 10 | Attorneys for Defendants |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | | |
|---|---|---|
| 13 | HEATHER STERN, on behalf of herself and all others similarly situated, | CASE NO. CV 05-8842 CAS (CTx) |
| 14 | Plaintiff, | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE UCC SETTLEMENT IN *STERN II* |
| 15 | v. | |
| 16 | AT&T MOBILITY CORPORATION f/k/a CINGULAR WIRELESS CORPORATION, et al., | Hearing Date: May 17, 2010<br>Time: 10:00 a.m.<br>Courtroom: 5 |
| 17 | Defendants. | |
| 18 | PAUL LOZANO, on behalf of himself and all others similarly situated, | Hon. Christina A. Snyder, presiding |
| 19 | | CASE NO. CV 02-0090-CAS (AJWx) |
| 20 | Plaintiff, | |
| 21 | v. | |
| | AT&T WIRELESS SERVICES, INC., et al., | |
| 22 | | |
| | Defendants. | |
| 23 | HEATHER STERN, on behalf of herself and all others similarly situated, | CASE NO. SACV 09-1112-CAS (AGRx) |
| 24 | | |
| 25 | Plaintiff, | |
| | v. | |
| 26 | NEW CINGULAR WIRELESS SERVICES, INC. f/k/a AT&T WIRELESS SERVICES, INC., et al., | **CONSOLIDATED FOR COORDINATED SETTLEMENT APPROVAL PURPOSES ONLY** |
| 27 | | |
| 28 | Defendants. | |

Case Nos. CV 05-8842; CV 02-0090; SACV 09-1112
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
THE UCC SETTLEMENT IN *STERN II*

Plaintiffs moved this Court, on April 14, 2010, for an Order preliminarily approving the UCC Settlement Agreement in *Stern v. New Cingular Wireless Services, Inc. f/k/a AT&T Wireless Services, Inc., et al.*, Case No. SACV 09-1112 CAS (AGRx) (*"Stern II"*), certifying the UCC Settlement Class in *Stern II*, approving the unified notice and claims administration program proposed for the Settlements of the Consolidated Cases,[1] and establishing a schedule for final approval proceedings for the Settlements of the Consolidated Cases, and on April 21, 2010, Defendants joined in Plaintiffs' motion (collectively, the "Preliminary Approval Motion").

Upon considering the Preliminary Approval Motion, including all of the supporting papers filed by Plaintiffs and Defendants, the UCC Settlement Agreement and Release (the "UCC Settlement Agreement"),[2] the arguments of counsel and other materials relevant to this matter, and good cause appearing, it is **ORDERED** that:

1. Subject to further consideration by the Court at the time of the Fairness Hearing, the Court finds that the UCC Settlement Agreement was entered into at arms length by experienced counsel and only after extensive arms length negotiations, and the Court preliminarily approves the UCC Settlement as fair, reasonable and adequate to the UCC Settlement Class (defined herein) and as falling within the range of possible final approval such that it is appropriate to order

---

[1] The Consolidated Cases are *Stern v. AT&T Mobility Corp f/k/a Cingular Wireless Corp*, Case No. CV 05-8842 CAS (CTx) (*"Stern I"*), *Lozano v. AT&T Wireless Services, Inc., et al.*, Case No. CV 02-0090 CAS (AJWx) (*"Lozano"*), and *Stern II*. These cases are consolidated for settlement purposes only.

[2] The UCC Settlement Agreement relates to claims brought in *Stern II*, *Randolph, et al. v. AT&T Wireless Services, Inc., et al.*, Case No. RG05193855 (Alameda Superior Court, California) and *Schnall, et al. v. AT&T Wireless Services, Inc., et al.*, Case No. 02-2-05776-4 (King County Superior Court, Washington) (the "Actions").

dissemination of notice of the UCC Settlement to potential members of the UCC Settlement Class in the manner set forth herein below.

Class Certification

2.  For purposes of the UCC Settlement only, the Court certifies under Federal Rule of Civil Procedure 23(a) and (b)(3) the following settlement class (the "UCC Settlement Class"):

> All customers of AT&T Wireless Services, Inc. and any entity that, prior to October 26, 2004, was affiliated with AT&T Wireless Services, Inc., including but not limited to AT&T Wireless Services of California, Inc. ("AWS"), who reside in the United States and its territories who paid, and were not previously refunded or credited, universal connectivity charges. The Class Period for the UCC Settlement Class is from March 1, 1999 through the Effective Date of the UCC Settlement Agreement (the "UCC Class Period"). The Effective Date is the first date when all of the following events shall have occurred: (a) the entry of the Final Approval Order by the Court, following the completion of the Class Notice Program and the Fairness Hearing; and (b) the statutory deadline for filing an appeal has expired, or if an appeal is taken, the date when the appeal has been decided or resolved in such a way as to leave the Final Approval Order in effect and the time for any further appeal or review has expired.

3.  Excluded from the UCC Settlement Class are:
    a.  Current and former employees, officers, directors, agents, or legal representatives of AWS or AT&T Mobility ("ATTM") and their affiliated entities;
    b.  Government agencies;
    c.  Persons who were subscribers to any pre-paid rate plan;
    d.  Persons with a Corporate B2B account; and

  e. Any person who had an outstanding balance due on his or her account with AWS at the time that his or her AWS service was terminated, unless such outstanding balance and all associated fees have been paid in full.

4. To be eligible for the benefit of an $7 check, a member of the UCC Settlement Class must declare, under penalty of perjury, that:

  a. The Class Member was not aware at the time of subscribing that the UCC would be charged;

  b. It would have made a difference to the Class Member had he/she known about the UCC at the time of subscribing; and

  c. If the Class Member is a former AWS customer, the Class Member's AWS account was paid in full prior to submission of the Claim Form.

5. The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including the requirements that:

  a. the members of the UCC Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

  b. there are questions of law and fact common to the UCC Settlement Class, which predominate over any individual question(s);

  c. the claims of the representative plaintiffs are typical of the claims of the other members of the UCC Settlement Class;

  d. the representative plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the UCC Settlement Class; and

  e. a class action is superior to alternative means of resolving the claims and disputes at issue in this action.

6. The Court hereby appoints: (i) J. Paul Gignac of Arias Ozzello & Gignac, LLP, (ii) Peter J. Bezek and Robert Curtis of Foley Bezek Behle & Curtis

1  LLP, (iii) David Breskin of Breskin Johnson & Townsend PLLC, (4) William W.
2  Houck of the Houck Law Firm, and (5) Hunter Pyle of Sundeen, Salinas & Pyle as
3  Class Counsel for purposes of the UCC Settlement only.  The Court preliminarily
4  finds that Class Counsel and the UCC Class Representatives, Heather Stern, Martin
5  Schnall, Nathan Riensche, Kelly Lemons, John Girard, and Brooke Randolph will
6  fairly and adequately represent and protect the interests of the absent members of
7  the UCC Settlement Class.

8     7.   The UCC Settlement Agreement shall be used for settlement purposes
9  only.  The fact of, or any provision contained in, the UCC Settlement Agreement or
10  any action taken pursuant to it shall not constitute an admission of the validity of
11  any claim or any factual allegation that was or could have been made by Plaintiffs
12  and members of the UCC Settlement Class in the Actions or of any wrongdoing or
13  liability of any kind on the part of AWS, ATTM, or any of the Defendants.  The
14  UCC Settlement Agreement shall not be offered or be admissible in evidence by or
15  against Defendants or any Released Parties (as defined in the UCC Settlement
16  Agreement) or cited or referred to in any other action or proceeding, except: (a) in
17  any action or proceeding brought by or against the Parties to enforce or otherwise
18  implement the terms of the UCC Settlement Agreement, or (b) in any action
19  involving Plaintiffs, members of the UCC Settlement Class, or any of them, in
20  which the allegations are based on the same factual bases and allegations set forth in
21  this case, to support a defense of res judicata, collateral estoppel, release, waiver or
22  other theory of claim preclusion, issue preclusion, or similar defense.

23    8.   Pending further orders by this Court, all proceedings in this case (other
24  than proceedings pursuant to this Order) shall be stayed and all members of the
25  UCC Settlement Class who do not request exclusion from the UCC Settlement Class
26  in the manner required by this Order shall be enjoined from commencing or
27  prosecuting the Actions or any action, suit, proceeding, claim, or cause of action in
28  any jurisdiction or court against AWS, ATTM or any of the Defendants relating to

or arising out of the UCC claims in the Actions or the claims released under the UCC Settlement Agreement.

Notice Plan

9. The Court finds that the Notice Plan, as described in the papers supporting the Preliminary Approval Motion, including, but not limited to, the Declaration of Jeanne Finegan, signed April 21, 2010, the Supplemental Declaration of Jeanne Finegan, signed May 10, 2010, the Supplemental Declaration of Steven P. Rice, signed May 11, 2010 (the "Supplemental Rice Declaration"), and the Supplemental Brief regarding Dissemination of Notice to the Class Members, dated May 11, 2010, satisfies Federal Rule of Civil Procedure 23 and is approved. The Court finds that the Notice Plan: (a) constitutes the best notice practicable under the circumstances, (b) shall constitute due and sufficient notice to the UCC Settlement Class of the pendency of the Action, of certification of the UCC Settlement Class, of the terms of the proposed UCC Settlement Agreement, of their right to exclude themselves from, or object to, the proposed settlement, and of the Fairness Hearing, and (c) fully complies with United States law.

10. The Court finds that the use of a single, unified notice procedure in each of the Consolidated Cases is particularly appropriate because members of the *Stern I* and *Lozano* Settlement Classes are included within the class of persons who will receive notice of the UCC Settlement. Consequently, the use of a single, unified notice procedure will eliminate the need for similar but separate notices, reduce Class Member confusion, and benefit Class Members in all three of the Consolidated Cases. Accordingly, the Court directs the Parties to provide the notice described in the Notice Plan, as follows:

    a. <u>Bill Inserts</u>: ATTM shall insert the Short Form Class Notice (in substantially the same form as Exhibit A to the Supplemental Rice Declaration) into the paper bills sent to reasonably ascertainable potential members of the UCC Settlement Class who: (i) are current

ATTM subscribers, (ii) consistently have been subscribers of AWS, Cingular, and ATTM from 2004 through the present, and (iii) receive monthly paper bills from ATTM. The monthly paper bill shall also contain the Bill Message in substantially the same form as Exhibit E to the Supplemental Rice Declaration.

b. <u>Email Notice</u>: The Claims Administrator shall send an email containing the Short Form Class Notice and a link to the Long Form Class Notice (in substantially the same form as Exhibit B to the Supplemental Rice Declaration) on the Settlement Website to: (a) reasonably ascertainable potential members of the UCC Settlement Class who are current ATTM subscribers, and who consistently have been subscribers of AWS, Cingular, and ATTM since 2004 but who do not receive paper bills and for whom ATTM has email addresses, and (b) reasonably ascertainable potential members of the UCC Settlement Class who are former AWS subscribers associated with unique subscriber IDs and who have email addresses on record with ATTM.

c. <u>Publication Notice</u>: the Court directs publication of the Short Form Class Notice in one edition each of the following newspapers and magazines:

- Parade
- USA Weekend
- Newsweek
- Sports Illustrated
- People
- Newspapers generally circulated in the U.S. Territories.

In addition, the Court directs an online advertising campaign in which the settlements are advertised as "banner ads" on websites,

such as Facebook, Hotmail, Yahoo, Yahoo Mail, AOL and AOL E-Mail. The banner ads shall be in substantially the same form as the examples provided in Exhibits G and H to the Supplemental Rice Declaration.

d. <u>Website</u>: The Claims Administrator will establish a Settlement website at www.awssettlement.com, which will contain information about the Settlements, including each of the Settlement Agreements in the Consolidated Cases, the Long Form Class Notice, the Claim Form (in substantially the same form as Exhibit D to the Supplemental Rice Declaration), and contact information for Class Counsel. The website will also include an online Claim Form.

e. <u>Press Release</u>: A Press Release regarding the settlement shall be issued in substantially the same form as Exhibit F to the Supplemental Rice Declaration.

f. <u>Toll-free Telephone Number</u>: The Claims Administrator shall establish a toll-free telephone number that will provide pre-recorded information about the Settlements in the Consolidated Cases (substantially following the script set out as Exhibit I to the Supplemental Rice Declaration) and that will permit callers to request a Long Form Class Notice and a Claim Form to be mailed to them.

Each of these communications shall be translated into Spanish and disseminated in a manner intended to reach Spanish speaking Class Members.

11. The Court approves as to form and content and authorizes the use of the Short Form Class Notice, the Long Form Class Notice, the Bill Message, the Banner Ads, the Press Release, the Website, and the Script for the Toll-free Telephone Number substantially similar to those attached as Exhibits A-C and E-I to the Supplemental Rice Declaration. The Court approves as to form and content and

1  authorizes the use of a Claim Form substantially similar to that attached as Exhibit
2  D to the Supplemental Rice Declaration. The Parties may change the notices or the
3  Claim Form to reflect operative hearing and opt-out dates and deadlines or other
4  presently unknown data without further approval from the Court. The Parties shall
5  begin to disseminate notice as described in this order no later than _July 1st_
6  __, 2010 (the "Notice Date"). The issuance of all notice described in the Notice
7  Plan shall be complete within forty-five days after the Notice Date, no later than
8  _August_ _15_, 2010 (the "Notice Completion Date").

Claims Administration

12.  The Court approves the Garden City Group, Inc. as the Claims Administrator for the settlements in the Consolidated Cases.

13.  Members of the UCC Settlement Class who wish to be excluded from the UCC Settlement Class must submit a written Request for Exclusion to the Claims Administrator postmarked no later than forty-five (45) days after the Notice Completion Date, _September_ _29_, 2010 (the "Opt-Out Deadline"). Members of more than one settlement class certified in the Consolidated Cases may submit a single Request for Exclusion. The Request for Exclusion must: (a) reference the class member's AWS mobile telephone number(s), (b) identify each of the Settlement Classes in the Consolidated Cases from which the class member requests exclusion, (c) be personally signed by the individual class member, and (d) be sent to:

AWS Settlement Claims Administrator
c/o The Garden City Group, Inc.
P.O. Box 9482
Dublin, OH 43017-4582

Within 14 days after the Opt-Out Deadline, by _October_ _13_, 2010, the Claims Administrator shall deliver to Class Counsel and counsel for the Defendants a complete list of all valid Requests for Exclusion.

14. Any member of the UCC Settlement Class who elects to be excluded shall not: (i) be entitled to receive any of the benefits of the UCC Settlement; (ii) be bound by the release of any claims pursuant to the UCC Settlement Agreement; (iii) be bound by any orders or judgment in *Stern II*; (iv) gain any rights by virtue of the UCC Settlement Agreement; or (v) be entitled to object to the UCC Settlement or appear at the Fairness Hearing.

15. Members of the UCC Settlement Class who do not submit a Request for Exclusion in compliance with the deadlines and other specifications set forth in this Order shall remain part of the UCC Settlement Class and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the UCC Settlement Class.

16. Any members of the UCC Settlement Class who do not submit a Request for Exclusion in compliance with the deadlines and other specifications set forth in this Order will be allowed to submit claims beginning on the Notice Date. The deadline to submit a claim shall be _February_ 13, 2010, which is ninety (90) days after the Fairness Hearing is held.

17. Any member of the UCC Settlement Class who does not submit a valid and timely Request for Exclusion may object to the UCC Settlement Agreement or to Class Counsel's application for attorneys' fees and costs and incentive awards. Any such member of the UCC Settlement Class shall have the right to appear and be heard at the Fairness Hearing, either personally or through an attorney retained at the class member's own expense. The deadline for filing with the Court and service of any objections to the UCC Settlement Agreement shall be forty-five (45) days after the Notice Completion Date, _September_ 29, 2010.

18. Any objection to the UCC Settlement must specify that it relates to the UCC Settlement and must be filed in *Stern v. AT&T Mobility Corp., et al.*, Case No. CV 05-8842 CAS (CTx) ("*Stern I*") and served on William W. Houck of the Houck Law Firm, for Plaintiffs, and Steven P. Rice of Crowell & Moring, for Defendants.

1  Additionally, any objection must provide the UCC Settlement Class member's name
2  and address, contact telephone number, AWS mobile telephone number, and
3  signature (or the signature of his or her representative). Any such objection must
4  state the reasons for the objection and, if the UCC Settlement Class member would
5  like to appear at the Fairness Hearing, provide a statement indicating his or her
6  intent to appear. Only members of the UCC Settlement Class who have filed and
7  served valid and timely objections with notices of intention to appear shall be
8  entitled to be heard at the Fairness Hearing.

9    19.  The Fairness Hearing shall be held before this Court on
10 _November_ 15, 2010, at 12:00 NOON to address whether the proposed UCC Settlement should
11 be finally approved as fair, reasonable and adequate. The Parties must submit their
12 Motion for Final Approval of the settlement and any supporting papers, including
13 declarations attesting to compliance with the notice procedures set forth in this
14 Order, no later than _October_ 15, 2010.

15    20.  Class Counsel shall file any Motion for attorneys' fees, expenses, and
16 incentive awards for the Class Representatives (the "Motion for Attorneys' Fees")
17 no later than _September_ 15, 2010 and also shall post the Motion for
18 Attorneys' Fees on the Settlement website by _September_ 16, 2010. The
19 hearing on the Motion for Attorneys' Fees shall be heard before this Court on
20 _November_ 15, 2010, at 12:00 NOON.

21    21.  The Court may, for good cause, extend any of the deadlines sets forth
22 in this Order without further notice to the members of the UCC Settlement Class.
23 The Fairness Hearing may, from time to time and without further notice to the
24 members of the UCC Settlement Class, be continued by order of the Court.

25    22.  In the event that the proposed UCC Settlement is not approved by the
26 Court, or in the event that the UCC Settlement Agreement becomes null and void
27 pursuant to its terms, this Order and all orders in connection therewith shall become
28 null and void, shall be of no further force and effect, and shall not be used or

1  referred to for any purposes whatsoever in this action or in any other case or
2  controversy.

5  IT IS SO ORDERED:

7  DATED: May 17, 2010

*[signature]*
Christina A. Snyder
United States District Judge