Steven P. Rice (State Bar No. 094321)
  srice@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California 92614-8505
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

Kathleen Balderrama (State Bar No. 222022)
  kbalderrama@crowell.com
Emily T. Kuwahara (State Bar No. 252411)
  ekuwahara@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071-2258
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

JS-6

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HEATHER STERN, BROOKE RANDOLPH, JOHN GIRARD, MARTIN SCHNALL, NATHAN RIENSCHE, and KELLY LEMONS on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>NEW CINGULAR WIRELESS SERVICES, INC. f/k/a AT&T WIRELESS SERVICES, INC., et al.,<br><br>                Defendants. | CASE NO. SACV 09-1112-CAS (AGRx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL TO THE UCC SETTLEMENT AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B) and 54(b)**<br><br>Hearing Date: November 15, 2010<br>Time: Noon<br>Courtroom: 5<br><br>Hon. Christina A. Snyder, presiding |

*(left margin, vertical text)* crowell moring — 3 Park Plaza, 20th Floor, Irvine, CA 92614-8505, (949) 263-8400

On May 17, 2010, this Court granted preliminary approval to the Settlement Agreement in *Stern, et al. v. New Cingular Wireless Services, Inc. f/k/a AT&T Wireless Services, Inc., et al.*, Case No. SACV 09-1112 CAS (AGRx) (*"Stern II"*) (Dkt. No. 30) ("Preliminary Approval Order").   The Court certified the UCC Settlement Class (as defined in the UCC Settlement Agreement) and approved a unified notice and claims administration program for the Settlements of certain Consolidated Cases.[1]   The Court directed the Parties to provide Notice of the Settlements of the Consolidated Cases beginning no later than July 1, 2010 and concluding no later than August 15, 2010.   The Court further directed that any objections to the UCC Settlement be filed no later than September 29, 2010.

On October 15, 2010, Plaintiffs filed their Motion for Final Approval of the Settlements of the Consolidated Cases and supporting briefing and declarations. (Dkt. No. 50.)  Also on October 15, 2010, Defendants joined in Plaintiffs' Motion for Final Approval and filed supporting briefing and declarations addressing the provision of notice, among other things.  (Dkt. Nos. 51-57.)

After considering the Motion for Final Approval, including the supporting papers filed by Plaintiffs and Defendants, the UCC Settlement Agreement and Release (the "UCC Settlement Agreement"),[2] the objections submitted to the UCC Settlement, the arguments of all counsel who wished to be heard (including counsel for any objectors) and any class members who wished to be heard, and all other materials that the Court determined to be relevant to this matter, and good cause appearing, the Court **FINDS** and **ORDERS** as follows:

---

[1] The Consolidated Cases are *Stern v. AT&T Mobility Corp f/k/a Cingular Wireless Corp*, Case No. CV 05-8842 CAS (CTx) (*"Stern I"*), *Lozano v. AT&T Wireless Services, Inc., et al.*, Case No. CV 02-0090 CAS (AJWx) (*"Lozano"*), and *Stern II*. These cases are consolidated for settlement purposes only.

[2] To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the UCC Settlement Agreement.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

crowell moring

<u>Findings of Fact and Law</u>

1.     The Court finds that it has jurisdiction over the subject matter of this action, over all claims raised therein and over all Parties thereto, including all members of the UCC Settlement Class and the objectors identified below with respect to their objections to the UCC Settlement.

*<u>Settlement Class Certification</u>*

2.     The "UCC Settlement Class" is defined as:

All customers of AT&T Wireless Services, Inc. and any entity that, prior to October 26, 2004, was affiliated with AT&T Wireless Services, Inc., including but not limited to AT&T Wireless Services of California, Inc. (collectively, "AWS"), who reside in the United States and its territories and who paid, and were not previously refunded or credited, universal connectivity charges.

3.     The Class Period for the UCC Settlement Class is from March 1, 1999 through the Effective Date of the UCC Settlement Agreement (the "UCC Class Period").  The "Effective Date" is the first date when all of the following events shall have occurred: (a) the entry of this Final Approval Order by the Court; and (b) the statutory deadline for filing an appeal has expired, or if an appeal is taken, the date when the appeal has been decided or resolved in such a way as to leave the Final Approval Order in effect and the time for any further appeal or review has expired.

4.     Excluded from the UCC Settlement Class are:

     a.  Current and former employees, officers, directors, agents, or legal representatives of AWS or AT&T Mobility ("ATTM") and their affiliated entities;

     b.  Government agencies;

     c.  Persons who were subscribers to any pre-paid rate plan;

2

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1     d.  Persons with a Corporate B2B account;

2     e.  Any person who had an outstanding balance due on his or her

3          account with AWS at the time that his or her AWS service was

4          terminated, unless such outstanding balance and all associated fees

5          have been paid in full; and

6     f.  Any person who timely submitted a Request for Exclusion to the

7          Settlement Administrator, the Garden City Group ("GCG"), in

8          accordance with the Notice provided pursuant to the Preliminary

9          Approval Order.

10     5.     For purposes of the UCC Settlement only, the Court finds that the

11    requirements of Federal Rule of Civil Procedure 23 ("Rule 23") are satisfied, and

12    certifies the UCC Settlement Class under Rule 23(a) and (b)(3).  The Court makes

13    these findings for the reasons articulated in Plaintiffs' and Defendants' briefing

14    supporting the Motions for Preliminary Approval and Final Approval of the UCC

15    Settlement.  Specifically, the Court finds as follows:

16          a.  the UCC Settlement Class includes as many as 36 million members[3]

17    and, consequently, the UCC Settlement Class members are so numerous that joinder

18    of all UCC Settlement Class members is impracticable;

19          b.  there are questions of law and fact common to the UCC Settlement

20    Class, which predominate over any individual question(s), including, but not limited

21    to:

22          i.  whether Defendants' imposition of the UCC charge was an

23               unjust and unreasonable charge and practice in connection with

24               telecommunication services, and

25

26    _____

27    [3] *See* Declaration of Christopher Huffstutler ¶¶ 14-17 (*Stern I* Dkt. No. 275).

28    _____

3

ii.  whether Defendants made full and adequate disclosures to their customers of the UCC charges;

c.  the claims of the UCC Class Representatives[4] are typical of the claims of the other members of the UCC Settlement Class because the claims of both the UCC Representative Plaintiffs and all class members relate to the imposition of the UCC charge;

d.  the UCC Class Representatives and Class Counsel[5] have fairly and adequately represented and protected the interests of the UCC Settlement Class because there is no conflict between the UCC Class Representatives' claims and the claims of the individual Settlement Class Members and because Class Counsel are well qualified and have vigorously prosecuted the settled litigation; and

e.  this class action settlement is superior to alternative means of resolving the claims and disputes at issue in this action in the context of this settlement.

*Exclusions from the UCC Settlement Class*

6.  The Court finds that 67 individuals timely and properly requested exclusion from the Settlements of the Consolidated Cases.  Declaration of Jennifer Keough ("Keough Dec.") ¶ 14 (Dkt. No.  55).  Each of these 67 individuals is excluded from the UCC Settlement Class.[6]  All members of the UCC Settlement

---

[4] The "UCC Class Representatives" are Heather Stern, Martin Schnall, Nathan Riensche, Kelly Lemons, John Girard, and Brooke Randolph.

[5] The Court appointed the law firms of Arias Ozzello & Gignac LLP, Foley Bezek Behle & Curtis LLP, Breskin Johnson & Townsend PLLC, the Houck Law Firm P.S., and Sundeen, Salinas & Pyle as "Class Counsel."

[6] Kwaku Kushindana requested exclusion but also filed an objection.  The Court finds that Mr. Kushindana has excluded himself from the UCC Settlement and therefore cannot object to the settlement.  However, the Court has nevertheless considered his objection below.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

1  Class, aside from these 67 individuals, will be bound by this Final Approval Order

2  and Judgment.[7]

3  *Notice Plan*

4      7.      The papers supporting the Final Approval Motion, including, but not

5  limited to, the Declarations of Steven P. Rice, Jeanne C. Finegan, Christopher

6  Huffstutler, John T. Throckmorton, Pamela Arnold, Jessica Adams, and Jennifer

7  Keough filed on October 15, 2010, describe the Parties' provision of Notice of the

8  Settlements of the Consolidated Cases.  (Dkt. Nos. 53-56.)  Notice was directed to

9  all members of the UCC Settlement Class defined in paragraph 2, above. No

10 objections to the method or contents of the Notice have been received.  Based on the

11 above mentioned declarations, *inter alia*, the Court finds that the Parties have fully

12 and adequately effectuated the Notice Plan, as required by the Preliminary Approval

13 Order, and, in fact, have achieved better results than anticipated or required by the

14 Preliminary Approval Order.

15     8.      Based on the above mentioned declarations, *inter alia*, the Court further

16 finds that the Notice provided:

17          a.  constitutes the best notice practicable under the circumstances;

18          b.  constitutes notice that was concise, clear, written in plain, easily

19 understood language, and was reasonably calculated, under the circumstances, to

20 apprise the UCC Settlement Class members of the pendency of the action, the

21 claims, issues, and defenses of the UCC Settlement Class, the definition of the UCC

22 Settlement Class as certified, their right to exclude themselves from, or object to, the

23 proposed settlement, their right to appear at the Fairness Hearing, through counsel,

24 if desired, and the binding effect of a judgment on UCC Settlement Class members;

25 —————————————————

26 [7] The 67 class members determined by Settlement Administrator to have timely and
   properly requested exclusion from the UCC Settlement Class are identified in the
27 list attached hereto as Exhibit "1".

28

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

c. constitutes due, adequate, and sufficient notice to the all members of the UCC Settlement Class; and

d. meets all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process clause), and fully complies with any other applicable law.

*Benefits, Attorneys' Fees and Expenses, and Incentive Payments*

9. As stated in the Preliminary Approval Order, UCC Settlement Class members who did not submit a Request for Exclusion may submit claims to GCG through February 13, 2011 ("Claim Deadline").

10. The UCC Settlement benefits include the following:

a. ATTM will provide a check in the amount of $7 ("Member Payment") for each line of service for which a benefit is requested to each UCC Settlement Class member who submits a Claim Form[8] on or before the Claim Deadline that is approved by GCG as provided herein ("Approved Claim"); and

b. Within 30 days after the entry of this Order, ATTM will notify its company-owned retail stores in the United States and its customer care representatives (in call centers handling consumer calls and inquiries) of the terms of the UCC Settlement Agreement and instruct them to respond to customer inquiries accordingly until the deadline for submitting a claim under the Settlement has passed.

11. As stated in the UCC Settlement Agreement and the Preliminary Approval Order, to be eligible for the Member Benefit, a member of the UCC Settlement Class must, by the Claim Deadline, submit a Claim Form to GCG in

---

[8] "Claim Form" means the form used by a Class Member to submit a claim, which was approved by the Court in the Preliminary Approval Order.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

which he or she provides the information required by the Claim Form, including but not limited to a declaration, under penalty of perjury, that:

a. The UCC Settlement Class member was not aware at the time of subscribing that the UCC would be charged;

b. It would have made a difference to the UCC Settlement Class member had he/she known about the UCC at the time of subscribing; and

c. If the UCC Settlement Class member is a former AWS customer, the class member's AWS account was paid in full prior to submission of the Claim Form.

12.    GCG shall be responsible for determining whether a claimant has submitted a Claim Form that is an Approved Claim.  Defendants may challenge a submitted Claim Form only on the grounds that the claimant:

a. was never an AWS subscriber; or

b. if the UCC Settlement Class member is not a current ATTM customer, he or she had an account that was not paid in full prior to submission of the Claim Form; or

c. the person who submitted the Claim Form is otherwise not eligible to submit it under the terms of the UCC Settlement Agreement or this Court's Orders.

13.    ATTM shall issue the settlement benefits, with the assistance of GCG, as soon as practical after the Effective Date.

14.    Plaintiffs and their counsel have moved this Court for an Order awarding attorneys' fees, expenses, and incentive awards, by motion filed September 15, 2010.  The Court has awarded attorneys' fees, expenses, and incentive awards in a separate order, dated November 22, 2010 ("Fee Order").

15.    As stated in the UCC Settlement Agreement, within five (5) business days of the entry of this Order, ATTM shall deposit the amount of the attorneys' fees and expenses awarded to Class Counsel and the incentive awards to the

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1   Representative Plaintiffs, in the amounts provided in the Fee Order, in an interest

2   bearing account controlled by ATTM for the benefit of Class Counsel and the

3   Representative Plaintiffs at one or more financial institutions selected by Class

4   Counsel and approved by ATTM.  Within three (3) business days after the Effective

5   Date, ATTM shall execute such documents as are necessary to release the attorneys'

6   fees and expenses and any incentive awards so deposited, together with any and all

7   interest accrued, net of any expenses charged by the financial institution, to Class

8   Counsel, who then shall be responsible to promptly pay Representative Plaintiffs

9   their approved incentive payments, with their pro rata share of any interest.

10         16.    The Parties agreed in the UCC Settlement Agreement not to file or

11   cooperate in the filing of any appeals relating to this Order or any terms of the UCC

12   Settlement Agreement, other than: (a) any appeal relating to the Court's approval of

13   any objection to this Agreement, or (b) any appeal by Class Counsel of the amount

14   of their fee award, subject to the limitations as to the maximum amount of such

15   award set forth in the UCC Settlement Agreement.  The Court finds this agreement

16   to be fair and reasonable and to constitute a valid and enforceable waiver of the right

17   to appeal as stated herein.

18         17.    The Parties also agreed in the UCC Settlement Agreement that, as soon

19   as practicable after the Effective Date, the Releasing Parties shall dismiss with

20   prejudice the lawsuits in *Randolph v. AT&T Wireless Services, Inc.*, Case No.

21   RG05193855 (Alameda County, CA, Superior Court) ("*Randolph*") and *Schnall v.*

22   *AT&T Wireless Services, Inc.*, Case No. 02-2-0576-4 (King County, WA, Superior

23   Court) ("*Schnall*") in their entirety as to all claims and all parties, or if required by

24   the court or applicable law, the Releasing Parties shall cause the entry of judgment

25   in a form to be agreed upon consistent with the UCC Settlement Agreement.  The

26   parties in *Randolph* and *Schnall* shall have no right to recover any attorneys' fees or

27

28

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1  costs in those cases except to the extent such fees and costs are included in the Fee

2  Order.  The Court finds this agreement to be fair and reasonable.

3  *Approval of the UCC Settlement*

4      18.    In determining whether to approve the UCC Settlement Agreement, the

5  Court has considered "the strength of plaintiffs' case; the risk, expense, complexity,

6  and likely duration of further litigation; the risk of maintaining class action status

7  throughout the trial; the amount offered in settlement; the extent of discovery

8  completed, and the stage of the proceeding; the experience and views of counsel; the

9  presence of a governmental participant; and the reaction of the class members to the

10  proposed settlement."  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th

11  Cir. 1992).  *See also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir.

12  2000).  After consideration of each of these factors as applicable, the Court finds

13  that the UCC Settlement is fair, reasonable and adequate and is in the best interests

14  of the UCC Settlement Class.

15      19.    The Court makes these findings for the reasons articulated in Plaintiffs'

16  and Defendants' briefing supporting the Motions for Preliminary Approval and

17  Final Approval of the UCC Settlement and for the reasons identified by the parties

18  and the Court at the Final Approval Hearing on November 15, 2010.  Specifically,

19  the Court finds as follows:

20      a.  Plaintiffs in *Stern II*, as well as the plaintiffs in the two UCC lawsuits

21  that will be resolved as part of this Settlement, *Schnall* and *Randolph,* face

22  significant litigation risk and expense in light of recent decisions by the courts in

23  both *Schnall* and *Randolph* and thus face the possibility of little or no recovery.   In

24  contrast, this Settlement provides between 33 and 99 percent of the class members'

25  damages, as estimated by Class Counsel and Defendants, respectively.   The Court

26  finds that this monetary benefit is fair and reasonable.  *See In re Mego Fin. Corp.*

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE UCC SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B) AND 54(b)

1   *Sec. Litig.*, 213 F.3d at 459 (approving settlement providing approximately 16% of

2   plaintiffs' potential recovery).

3         b. The claims of the UCC Settlement Class members have been the

4   subject of extensive litigation since 2002.  The parties in *Schnall* and *Randolph* have

5   engaged in extensive discovery, allowing counsel to make informed decisions about

6   settlement. All counsel involved in the three cases are experienced in class actions

7   and knowledgeable about the claims.  Accordingly, the Court finds that counsel's

8   view of the settlement as fair, reasonable and adequate warrants great weight.  *See*

9   *In re Wash. Public Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1392 (D. Ariz.

10  1989).

11        c. The neutral mediator, the Honorable Howard B. Wiener, Justice of the

12  California Court of Appeal, Ret., has opined that the terms of the UCC Settlement

13  are fair and reasonable to the UCC Settlement Class members.  The Court finds that

14  the UCC Settlement Agreement was entered into at arm's length by experienced

15  counsel and only after extensive arm's-length negotiations.  *See, e.g.,* Declaration of

16  Hon. Howard Wiener ¶ 21, filed April 21, 2010 (*Stern I* Dkt. No. 274); Declaration

17  of J. Paul Gignac  ¶ 8, filed April 14, 2010 (*Stern I* Dkt. No. 269-5); Declaration of

18  David E. Breskin ¶¶ 13-15, filed April 14, 2010 (*Stern I* Dkt. No. 269-7);

19  Declaration of William Houck, ¶¶ 10-12, filed April 14, 2010 (*Stern I* Dkt. No. 269-

20  8); Declaration of Steven P. Rice ¶ 9, filed April 21, 2010 (*Stern I* Dkt. No. 276).[9]

21        d. Just 67 individuals have opted out of the Settlements of the

22  Consolidated Cases, and only four class members have filed objections to the UCC

23  Settlement.  The Court has considered these objections and overrules them for the

24

25  _____

26  [9] Pursuant to Order, dated April 13, 2010, pleadings related to the settlement of the
27  consolidated actions were ordered to be filed in *Stern I*.

28

Case No. SACV 09-1112

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE UCC SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B) AND 54(b)

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1  reasons provided below.  The Court finds that the reaction of the UCC Settlement

2  Class members to the UCC Settlement weighs in favor of approving the settlement.

3  _Objections to the UCC Settlement_

4      20.    The Court has received objections to the UCC Settlement from nine

5  individuals.  The Court finds that objectors Kwaku Kushindana, Sally Coffin,

6  Robert Lynch, Barbara Cochran, and Clark Richard Brown are not members of the

7  UCC Settlement Class and, thus, lack standing to object to the UCC Settlement.

8  The Court overrules the objections to the UCC Settlement filed by James Coffin,

9  Marc Gambello, Gene Hopkins, and Karin Lynch.

10      a.  Kwaku Kushindana:  Mr. Kushindana timely filed a Request for

11  Exclusion from the UCC Settlement Class and, consequently, is not a member of the

12  UCC Settlement Class.  Keough Dec. ¶ 14 (Dkt. No. 55).  The Court finds that Mr.

13  Kushindana lacks standing to object to the UCC Settlement pursuant to Federal Rule

14  of Civil Procedure 23(e)(5).  In the alternative, the Court overrules Mr.

15  Kushindana's objection on the merits, finding that the negotiation process was

16  conducted at arm's-length and that the terms of the UCC Settlement are

17  fundamentally fair, adequate, and reasonable for the reasons set forth above.

18      b.  Sally Coffin:  The Court finds that Ms. Coffin is not a member of the

19  UCC Settlement Class because she was not an AWS subscriber during the UCC

20  Class Period.  *See* Declaration of Caroline B. Mahone-Gonzalez ("Gonzalez Dec.")

21  ¶ 4, filed October 15, 2010 (Dkt. No. 52).  Consequently, the Court finds that Ms.

22  Coffin lacks standing to object to the UCC Settlement pursuant to Federal Rule of

23  Civil Procedure 23(e)(5).

24      c.  Robert Lynch: Mr. Lynch withdrew his objection to the UCC

25  Settlement.  (*Stern I* Dkt. No. 352). The Court finds that Mr. Lynch is not a member

26

27

28

Case No. SACV 09-1112
[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE UCC SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B) AND 54(b)

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1   of the UCC Settlement Class because he was not an AWS subscriber during the

2   UCC Class Period[10] and grants the withdrawal of his objection.   Consequently, the

3   Court finds that Mr. Lynch lacks standing to object to the UCC Settlement pursuant

4   to Federal Rule of Civil Procedure 23(e)(5).

5          d.  <u>Barbara Cochran</u>:   Ms. Cochran filed a Stipulation withdrawing her

6   objection to the UCC Settlement, which the Court granted.  (Dkt. No. 73).

7          e.  <u>Clark Richard Brown</u>: Mr. Brown filed a Stipulation withdrawing his

8   objection to the UCC Settlement, which the Court granted.  (Dkt. No. 73).

9          f.  <u>James Coffin</u>:  The Court overrules Mr. Coffin's objections to the UCC

10  Settlement for the reasons articulated in Plaintiffs' and Defendants' briefing

11  supporting the Motion for Final Approval of the UCC Settlement and for the reasons

12  identified by the parties and the Court at the Final Approval Hearing on November

13  15, 2010.  Specifically, the Court determines as follows:

14          i.  The use of a claim form, signed under penalty of perjury, is

15               necessary and wholly appropriate in the UCC Settlement.  Courts

16               routinely require claimants to submit proof of their damages or

17               fill out claim forms in order to obtain their benefits.  *See, e.g.,*

18               *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 313-15 (W.D. Tex.

19               2007); *In re Lawnmower Engine Horsepower Mktg. & Sales*

20               *Practices Litig.*, __ F. Supp. 2d __ , 2010 WL 3310264, at *10

21               (E.D. Wis.  Aug. 16 2010).  In this case, no proof of damages

22               other than filling out a claim form under penalty of perjury is

23               required.   The Court finds that the Claim Form and claims

24               process required by the UCC Settlement is fair and reasonable

25               and overrules Mr. Coffin's objection.

26

27  [10] *See* Gonzalez Dec. ¶ 9.

28

12                                                     Case No. SACV 09-1112

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE UCC SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B) AND 54(b)

crowell moring

3 Park Plaza, 20ᵗʰ Floor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

g. <u>Marc Gambello</u>:  The Court overrules Mr. Gambello's objections to the UCC Settlement for the reasons articulated in Plaintiffs' and Defendants' briefing supporting the Motion for Final Approval of the UCC Settlement and for the reasons identified by the parties and the Court at the Final Approval Hearing on November 15, 2010.  Specifically, the Court rules as follows:

    i. The release contemplated by the UCC Settlement Agreement is appropriately limited to the "facts, acts, events, transactions, [and] occurrences … with respect to the UCC and/or the UCC Claims. . ." at issue in *Schnall, Randolph,* and *Stern II*. Declaration of Steven P. Rice in support of Motion for Preliminary Approval, dated April 21, 2010 (*Stern I* Dkt. No. 276), Ex. A at 9 (UCC Settlement Agreement ¶ 17).  *See Class Plaintiffs*, 955 F.2d at 1276.  Mr. Gambello's objection to the scope of the release of claims in the UCC Settlement Agreement is overruled.

    ii. Mr. Gambello's objection to the Claim Form and claims process is overruled for the same reasons that the Court overrules Mr. Coffin's similar objection.

    iii. Each of Mr. Gambello's objections to the amount of benefits provided under the UCC Settlement is overruled.  The Court finds that the UCC Settlement provides fair and adequate benefits to the members of the UCC Settlement Class.

    iv. Mr. Gambello's objection to the amount of attorneys' fees requested by Class Counsel is overruled.  For the reasons stated in this Court's Order dated _____, the amount of attorneys' fees awarded is fair, reasonable and adequate.  In addition, Mr. Gambello's objection provides no benefit to the

13

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1  UCC Settlement Class because any reduction in the amount of
2  attorneys' fees would not increase the amount of benefits
3  available to the UCC Settlement Class.

4  h.  <u>Gene Hopkins</u>:   The Court overrules Mr. Hopkins' objections to the
5  UCC Settlement for the reasons articulated in Plaintiffs' and Defendants' briefing
6  supporting the Motion for Final Approval of the UCC Settlement and for the reasons
7  identified by the parties and the Court at the Final Approval Hearing on November
8  15, 2010.  Specifically, the Court rules as follows:

9  i.  Mr. Hopkins' objection to the amount of attorneys' fees,
10  expenses, and incentive awards provided in the UCC Settlement
11  Agreement is overruled.  For the reasons stated in this Court's
12  Order dated _____, the amount of attorneys' fees,
13  expenses, and incentive awards awarded is fair, reasonable and
14  adequate.   In addition, Mr. Hopkins' objection provides no
15  benefit to the UCC Settlement Class because any reduction in the
16  amount of attorneys' fees, expenses, and incentive awards would
17  not increase the amount of benefits available to the UCC
18  Settlement Class.

19  i.  <u>Karin Lynch</u>:  The Court overrules Ms. Lynch's objections to the UCC
20  Settlement for the reasons articulated in Plaintiffs' and Defendants' briefing
21  supporting the Motion for Final Approval of the UCC Settlement and for the reasons
22  identified by the parties and the Court at the Final Approval Hearing on November
23  15, 2010.  Specifically, the Court rules as follows:

24  i.  The Court finds that providing a uniform benefit of $7 per
25  claimant who files an Approved Claim is appropriate and that the
26  $7 amount is fair, adequate, and reasonable, particularly in light
27  of the possibility that the plaintiffs may recover limited or no

28

damages if the case proceeds to trial.  Consequently, the Court overrules Ms. Lynch's objections to the benefits provided by the UCC Settlement Agreement.

ii.  The Court finds that the parties have provided a reasonable basis for the amount of benefits provided by the UCC Settlement Agreement.  *See* Declaration of Hunter Pyle, dated April 14, 2010 (*Stern I* Dkt. No. 269-5), ¶¶ 8-10, Plaintiffs' Motion for Preliminary Approval at 38, and Plaintiffs' Motion for Final Approval at 46.  Consequently, the Court overrules Ms. Lynch's objection regarding the basis for the amount of benefits provided by the UCC Settlement Agreement.

iii.  The Court overrules Ms. Lynch's objection to the scope of the releases for the same reasons that it overrules Mr. Gambello's similar objection to the scope of the releases.

iv.  Ms. Lynch's objection to the amount of attorneys' fees and incentive awards provided in the UCC Settlement Agreement is overruled.  For the reasons stated in this Court's Order dated _____, the amount of attorneys' fees and incentive awards awarded is fair, reasonable and adequate.  In addition, Ms. Lynch's objection provides no benefit to the UCC Settlement Class because any reduction in the amount of attorneys' fees and incentive awards would not increase the amount of benefits available to the UCC Settlement Class.

## ORDER

Based on the findings set forth above, the Court makes the following Orders:

A.  The Court certifies the UCC Settlement Class, as defined above.

Case No. SACV 09-1112

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE UCC SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B) AND 54(b)

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

B.     The Court holds that objectors Kwaku Kushindana, Sally Coffin, and Robert Lynch are not members of the UCC Settlement Class and, thus, lack standing to object to the UCC Settlement.

C.     The Court overrules the objections to the UCC Settlement filed by James Coffin, Marc Gambello, Gene Hopkins, and Karin Lynch.

D.     The Court grants Plaintiffs' Motion for Final Approval of the UCC Settlement.  The Court further orders as follows:

    1) The terms of the UCC Settlement Agreement and this Final Approval Order and Judgment are binding on all of the Releasing Parties.[11]

    2) The Court deems the UCC Settlement Agreement and every term and provision thereof incorporated herein as if explicitly set forth and with the full force of an order of this Court.  The Parties shall effectuate the UCC Settlement in accordance with the terms of the UCC Settlement Agreement and this Order.  In the event of a conflict between the terms of the UCC Settlement Agreement and this Order, the terms of this Order shall take precedence.

    3) The Court orders that, to the extent necessary in connection with this Class Action Settlement, including the provision of notice, administration of claims, or payment of benefits under the UCC Settlement Agreement, Defendant may provide GCG with documents, records, and electronic files relating to Class Members'

[11] "Releasing Parties" are "all Class Members who do not exclude themselves from the Settlement Class" and "their respective current and former officers, directors, employees, attorneys, heirs, executors, administrators, agents, legal representatives professional corporations, partnerships, assigns and successors, but only to the extent such claims are derived by contract or operation of law from the claims of UCC Class Members."  UCC Settlement Agreement ¶ 54.

Case No. SACV 09-1112
[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE UCC SETTLEMENT AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B) AND 54(b)

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

accounts, notwithstanding any protection from disclosure which might otherwise apply to such documents, records, or electronic files under California Public Utilities Code § 2891, any other federal, state, and territorial laws of similar effect, and any related tariff provisions.

4) Upon the Effective Date, the Released Parties[12] shall be released and forever discharged by the Releasing Parties from the Released Claims.[13]

5) The Releasing Parties are permanently barred and enjoined from:

   a. filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration,

---

[12] "Released Parties" is defined as "ATTM, AWS, Cingular Wireless, LLC, AT&T Wireless Services of California, Inc., New Cingular Wireless Services, Inc. f/k/a/ AT&T Wireless Services, Inc., AT&T Mobility Corporation f/k/a Cingular Wireless Corporation, and AT&T Mobility LLC f/k/a/ Cingular Wireless LLC, and each of their present and former parents, subsidiaries, divisions and affiliates and each of their respective current or former officers, directors, employees, agents, insurers and attorneys and the predecessors, heirs, executors, administrators, legal representatives, successors and assigns of each of the foregoing." UCC Settlement Agreement ¶16.

[13] "Released Claims" is defined as "all causes of action, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, claims, liabilities and demands of whatever kind, source or character whether arising under any federal or state law, which includes, but is not limited to, the Federal Communications Act, 47 U.S.C. § 201 *et seq.*, the California Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, the California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.*, the Washington Consumer Protection Act, 19 RCW § 19.86.010, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act, and antitrust, consumer and other statutory and common law claims, whether alleging or based on intentional or non-intentional conduct, arising on or before the Effective Date, which are, were or could have been asserted against any of the Released Parties by reason of, arising out of, or in any way related to the UCC and/or the UCC Claims, and any of the facts, acts, events, transactions, charges, occurrences, course of conduct, business practices, representations, omissions, circumstances or other matters with respect to the UCC and/or the UCC Claims, whether any such claim was or could have been asserted by any Releasing Party on its own behalf or on behalf of other persons. The 'Released Claims' expressly do not include the 'Excluded Claims' as defined in [UCC Settlement] paragraph 13." UCC Settlement Agreement ¶ 17.

17

Case No. SACV 09-1112

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE UCC SETTLEMENT AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B) AND 54(b)

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

administrative or regulatory proceeding or order in any jurisdiction based on any causes of action, claims, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, liabilities, and demands of whatever kind, source or character, whether arising under state or federal law, whether intentional or non-intentional, that are, were, or could have been asserted against any Released Party regarding the Released Claims; and

b. filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that any action of any of the Released Parties, that is in compliance with the UCC Settlement Agreement, violates any legal right of any Releasing Party regarding the Released Claims.

6) The Court orders that the terms of the UCC Settlement Agreement and this Final Approval Order and Judgment shall have maximum *res judicata*, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that are based on or in any way related to the Released Claims.

7) The Court orders that this Final Approval Order and Judgment, the UCC Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents, or proceedings relating to the UCC Settlement are not, and shall not be construed as, or used

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

18

as an admission by or against Defendants or the Released Parties of any fault, wrongdoing, or liability on their part, or of the validity or certifiability for litigation of any Released Claim or the existence or amount of any damages.

D.     The Court orders the Parties and their counsel to implement and consummate the UCC Settlement Agreement according to its terms and provisions, including the payment of benefits and attorneys' fees following the procedures described in the UCC Settlement Agreement and described above.  No attorneys' fees, expenses, or incentive payments shall be made in connection with this action, *Randolph*, or *Schnall* except as provided by the Fee Order.

E.     The Court hereby dismisses on the merits and with prejudice the UCC Claims only and enters Final Judgment on the UCC Claims only pursuant to Federal Rule of Civil Procedure 54(b), and, there being no just reason for delay of the entry of judgment on the UCC Claims, directs the clerk to enter this Final Approval Order and Judgment forthwith.

F.     Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain exclusive and continuing jurisdiction to enforce the terms of the UCC Settlement Agreement, and all Parties and the UCC Settlement Class members submit to the exclusive jurisdiction of the Court with respect to the enforcement of the UCC Settlement Agreement.

G.     In the event that the UCC Settlement does not become effective according to the terms of the UCC Settlement Agreement, this Final Approval Order and Judgment shall be rendered null and void as provided by the UCC Settlement Agreement, shall be vacated, and all orders entered and releases delivered in

\\

\\

\\

1  connection herewith shall be null and void to the extent provided by and in

2  accordance with the UCC Settlement Agreement.

3

4  IT IS SO ORDERED:

5

6  DATED:  November 22, 2010

7

8  _____

9  Christina A. Snyder
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE UCC SETTLEMENT
AND ENTERING FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 23(c)(3)(B) AND 54(b)

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400