**FILED**

MAY 04 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEATHER STERN; BROOKE RANDOLPH; JOHN GIRARD; MARTIN SCHNALL; NATHAN RIENSCHE; KELLY LEMONS, on behalf of themselves and all others similarly situated, <br><br>    Plaintiffs - Appellees, <br><br> v. <br><br> MARC GAMBELLO; GENE HOPKINS, <br><br>    Objectors - Appellants, <br><br> _____, <br><br> NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation, FKA AT&T Wireless Services, Inc.; AT&T MOBILITY CORPORATION, a Delaware corporation, FKA Cingular Wireless Corporation; AT&T MOBILITY LLC, a Delaware limited liability company, FKA Cingular Wireless LLC, <br><br>    Defendants - Appellees. | No. 10-56929 <br><br> D.C. No. 8:09-cv-01112-CAS-AGR <br> Central District of California, Santa Ana <br><br> ORDER <br><br> RECEIVED <br> CLERK, U.S. DISTRICT COURT <br> MAY - 4 2012 <br> CENTRAL DISTRICT OF CALIFORNIA <br> BY _____ DEPUTY |
| HEATHER STERN, on behalf of herself and all others similarly situated, | No. 10-57062 |

|  | D.C. No. 8:09-cv-01112-CAS-AGR |
|---|---|
| Plaintiff - Appellee., | Central District of California, Santa Ana |
| NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation, FKA AT&T Wireless Services, Inc.; AT&T MOBILITY CORPORATION, a Delaware corporation, FKA Cingular Wireless Corporation; AT&T MOBILITY LLC, a Delaware limited liability company, FKA Cingular Wireless LLC, | |
| Defendants - Appellees., | |
| v. | |
| KARIN LYNCH, | |
| Objector - Appellant, | |
| _____, | |
| MARC GAMBELLO; GENE HOPKINS, | |
| Objectors. | |

BERZON, Circuit Judge.

After considerable pre-argument preparation, I realized this week that my husband and I appear to be members of the plaintiff class in this case, as we have had AT&T cellular service for some time. I therefore considered whether to recuse from this case. Having researched the question, I have determined that the appropriate course is for me and my husband to forego any financial interest in the

2

settlement before the court (that is, the seven dollars that members of the class could obtain by filing a claim) and in any future settlement or adjudication resulting in any payment to members of the class. I am now announcing that we will do so: Neither I nor my husband will accept any payments due us as members of the class.

I have considered whether I should nonetheless recuse from this case because of possible class membership. The analysis conducted by Judges Walker and Winter in *In re Literary Works in Electronic Databases Copyright Litigation*, 509 F.3d 136 (2d Cir. 2007), in a very similar situation, is pertinent and, to me, persuasive. I have decided to adopt their analysis as my own, and so will not recuse. As they concluded, I "believe [my] decision not to recuse is authorized by [28 U.S.C.] § 455(f), strikes the appropriate balance between securing the interests of impartiality and its appearance and reducing the practical costs that unnecessary recusal entails, and does not diminish public respect for the judiciary." *Id.* at 144.